IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| GREAT WESTERN BANK, Successor-In-Interest to the Loans of Tierone Bank, a South Dakota corporation;<br><br>Plaintiff,<br><br>vs.<br><br>COUNTRYWIDE HOME LOANS, INC., a New York corporation;<br><br>Defendant. | 4:12CV3202<br><br>MEMORANDUM AND ORDER |

This matter is before the court on Defendant's Motion to Strike Plaintiff's request for a jury trial, (Filing No. 31), Plaintiff's Motion to Amend its Complaint, (Filing No. 35), and Defendant's Objection to Plaintiff's Motion to Amend, (Filing No. 37). For the reasons set forth below, the Defendant's Motion to Strike is denied and Plaintiff's Motion to Amend is granted.

BACKGROUND

Plaintiff Great Western Bank ("Great Western") is a South Dakota corporation conducting business in Nebraska. Great Western is the successor-in-interest to TierOne Bank ("TierOne"), which was formally known as First Federal Lincoln Bank ("First Federal"). First Federal and Defendant Countrywide Home Loans, Inc. ("Countrywide") entered into a Mortgage Loan Purchase and Servicing Agreement dated February 25, 1999 (the "Purchase and Servicing Agreement"). Under the terms of the Purchase Agreement, Countrywide sold a pool of mortgage loans to Great Western and was responsible for servicing the loans on an on-going basis. The Purchase and Servicing Agreement contained representations and warranties about the loans that were sold to Great Western and Countrywide's responsibilities in servicing those loans. And the Purchase Agreement provided a procedure for Great Western to follow in the event Countrywide breached the contract, including providing written notice of a breach. (See

Filing No. 1-1, § 3.03 at CM/ECF p. 15). The Purchase and Servicing Agreement also listed circumstances that would be considered Events of Default and, under certain circumstances, provided that Great Western could terminate the Purchase Agreement. (See Filing No. 1-1, § 7.01 at CM/ECF p. 28-29).

Plaintiff alleges Countrywide committed several breaches of the Purchase and Servicing Agreement between September 27, 2001 and the date the lawsuit was filed. Plaintiff represents Countrywide received seven (7) notice and demand letters regarding its performance under the Purchase and Servicing Agreement. Great Western sent Countrywide a Notice of Default letter on June 17, 2011. (Filing No. 1-2). Great Western subsequently sent Countrywide a notice of termination on August 8, 2011. (Filing No. 1-3). The termination letter informed Countrywide that Great Western was terminating the servicing of the loan pool by Countrywide and demanded that Countrywide "immediately deliver to Great Western all information relating to each of the Mortgage Loans (as defined in the Purchase Agreement) sufficient to allow Great Western to input such information on its servicing system to allow for a transition of servicing of the Mortgage Loans to Great Western." Great Western alleges that Countrywide has not transferred the servicing of the loan pool to Great Western.

In its complaint, Great Western asserts several causes of action, including breach of contract, an action for quantum meruit, and a declaratory judgment claim. The claim for a declaratory judgment requests a finding that the "servicing by Countrywide has, in fact, been terminated and that Countrywide is not entitled to any other servicing compensation after the termination." (Filing No. 1, ¶31, at CM/ECF p. 5). In addition, Great Western asks the court for a determination that "Countrywide should cooperate in transitioning the servicing of the loan pool to Great Western and providing to Great Western all relevant documents and information." (Filing No. 1, ¶32, at CM/ECF p. 5). The Complaint also requests a jury trial.

Shortly after the Complaint was filed, Bank of America, N.A. ("BOA") filed an unopposed Motion to Intervene and sought to assert claims against Plaintiff Great Western. BOA later filed a "Complaint in Intervention." (Filing No. 17). The Complaint in Intervention alleges that on April 27, 2009, Countrywide Home Loans Servicing, LP changed its name to BAC Home Loans Servicing, LP. BAC Home Loans Servicing, LP merged into BOA. BOA asserts that it services and owns the servicing rights under the Purchase and Servicing Agreement. BOA further asserts that as a part of the Purchase and Servicing Agreement, it was entitled to reimbursement from Great Western for monthly advances of principal and interest and that Great Western has wrongly withheld a portion of those reimbursements. In its Prayer for Relief, BOA asks the court to dismiss Great Western's claims against Countrywide and for a declaration on a number of disputed issues in the Purchase and Servicing Agreement, including a finding that BOA is due an award of damages. (Filing No. 17 at CM/ECF p. 5).

Great Western filed an answer to the Complaint in Intervention. (Filing No. 20). Great Western's answer raises several affirmative defenses, including that all of BOA's claims are "barred by its (or Countrywide's) own material breach of the [Purchase and] Servicing Agreement." (Filing No. 20, ¶16 at CM/ECF p. 5).

The parties submitted a Rule 26(f) planning report and an initial progression order was entered. (Filing No. 26). The deadline for moving to amend pleadings was May 15, 2013. Great Western moved to amend its complaint to change BOA's status from "Intervenor" to "Defendant" and to "clean[] up" the pleadings and "clarify[y] the factual basis and claims being asserted against the Defendants." (Filing No. 35, ¶¶ 4 & 5). In its proposed amended complaint Great Western asserts the servicing rights for the loan pool were transferred from Countrywide to BAC Home Loan Servicing, LP, and then to its successor BOA. Great Western further alleges that it sent a notice of default to Countrywide and BOA.

On April 26, 2013, BOA and Countrywide filed a motion to strike Great Western's request for a jury trial on its third cause of action – Great Western's request for a declaratory judgment. Great Western contends that it retains a right to a trial by jury for all of its claims.

ANALYSIS

Motion to Amend

Fed. R. Civ. P. 15(a)(2) provides that once the time for pleading as a matter of course has expired, amendments to pleadings are allowed only with the written permission of the opposing party or leave of the court.[1] In general, courts are encouraged to allow amendments liberally. See Shen v. Leo A. Daly Co., 222 F.3d 472, 478 (8th Cir. 2000). However, the right to amend a complaint is not without limits. The Eight Circuit Court of Appeals has discussed the circumstances under which an amendment should be denied:

> [A] district court can refuse to grant leave to amend a pleading only where it will result in undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment.

Dennis v. Dillard Dept. Stores, Inc., 207 F.3d 523, 525 (8th Cir. 2000)(internal citations omitted); see also K-tel Int'l, Inc. Sec. Litig., 300 F.3d 881, 899 (8th Cir. 2002)(noting futility constitutes a valid reason for denial of leave to amend).

Great Western seeks to amend its complaint to re-caption the case by changing BOA's status from Intervenor to Defendant, to clarify and consolidate its causes of action

---

[1] Plaintiff's deadline for filing the motion to amend its complaint was May 15, 2013. Because Plaintiff's motion to amend was filed within the allotted time, the proper standard for evaluating the propriety of the motion is found in Fed. R. Civ. P. 15(a)(2).

against all Defendants, and to bring additional claims for damages. BOA and Countrywide object, arguing the new claims are without merit and that any amendment at this juncture will send the case back to the "pleadings stage."

Countrywide and BOA's objections are not persuasive. Great Western filed its motion to amend within the time agreed to by the parties in their Rule 26(f) report and memorialized in the progression order. The fact that the amended complaint may lead to further motions does not amount to undue delay. Had this been a concern, the parties could have agreed to an earlier deadline for amending the pleadings. They did not, and Great Western is in compliance with the progression order. Further, discovery is currently ongoing, with the deadlines for written discovery, depositions and motion to dismiss still well in the future. Countrywide and BOA's speculation about potential delay does not amount to a finding of "undue delay."

Likewise, on the current record, the court will not conclude that Great Western's proposed amended complaint asserts meritless claims. Countrywide and BOA will have ample opportunity to bring motions to dismiss or motions for summary judgment for claims they believe are baseless. A ruling on a motion to amend is not the proper time for the court to rule on the merits of the case.

Countrywide and BOA also object to the re-characterization of BOA as a defendant, although the reason for their objection is not entirely clear to the court. BOA joined this action as an Intervenor. Although it characterized its initial pleading as a "Complaint," it is clear BOA sought to join the suit as a defendant. For instance, its Complaint seeks to have all claims asserted against Countrywide dismissed and alleges it was a successor-in-interest to Countrywide. As such, BOA is properly characterized as a defendant in this suit. The proposed re-characterization by Great Western simply allows the caption to accurately reflect the respective positions of the parties.

Finally, Countrywide and BOA request that if Great Western is allowed to amend its complaint that "the court should provide that Countrywide and [BOA] may move at

the conclusion of the case for attorneys' fees incurred in responding to the original complaint, conferring and preparing the Rule 26(f) report, providing initial disclosures and propounding discovery requests, and moving to strike plaintiff's jury request . . . ." (Filing No. 37, at CM/ECF p. 3). Countrywide and BOA provide no basis for the court to make such a ruling, and I decline to do so.

Trial by Jury

Fed. R. Civ. P. 38(a) provides that the "right of a jury trial as declared by the Seventh Amendment to the Constitution . . . is preserved to the parties inviolate." "When a jury trial has been demanded . . ., the action must be designated on the docket as a jury action. The trial on all issues so demanded must be by jury unless: . . . the court, on motion . . . finds that on some or all of those issues there is no federal right to a jury trial." Fed. R. Civ. P. 39(a)(2).

The Seventh Amendment provides: "In suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved. . . ." The phrase "at common law" has consistently been held to mean "suits in which legal rights were to be ascertained and determined, in contradistinction to those where equitable rights alone were recognized, and equitable remedies were administered." Granfinanciera, S.A. v. Nordberg, 492 U.S. 33, 41 (1989)(internal citations omitted).

"[D]eclaratory relief per se is neither legal nor equitable." Northgate Homes, Inc. v. City of Dayton, 126 F.3d 1095, 1099 (8th Cir. 1997). Determining whether a party is entitled to a trial by jury on a claim for a declaratory judgment largely depends on the character of the underlying dispute; declaratory judgments were unknown at common law. See Burlington Northern R. Co. v. Nebraska Public Power Dist., 931 F.Supp. 1470, 1480-81 (D. Neb. 1996); see also 9 Wright and Moore et al., Federal Practice and Procedure § 2313 at 170. That is, if a right to a trial by jury would have existed on the issue in question, the fact that the dispute was brought as a declaratory judgment action does not abrogate that right. Northgate Homes, 126 F.3d at 1099. Likewise, "there is no

right to a trial by jury if, . . . , the issue would have arisen in an equitable proceeding." Id.

The Eighth Circuit recently addressed a plaintiff's right to a trial by jury in the context of a contract dispute.

> "[S]uits for damages for breach of contract ... were suits at common law with the issues of the making of the contract and its breach to be decided by a jury...." Atlas Roofing Co., Inc. v. Occupational Safety & Health Review Comm'n., 430 U.S. 442, 459, 97 S.Ct. 1261, 51 L.Ed.2d 464 (1977).

Smith Flooring, Inc. v. Pennsylvania Lumbermens Mut. Ins. Co., 713 F.3d 933, 936-37 (8th Cir. 2013).

When a suit involves both equitable and legal claims involving common issues, the right to a jury trial must be preserved. Dairy Queen, Inc. v. Wood, 369 U.S. 469, 472-73 (1962). "[T]he normal practice is to try both claims to a jury. In this way, the jury's verdict will conclusively settle these common issues, and only issues peculiar to the equitable claim will be left to be decided by the judge." Brownlee v. Yellow Freight Sys., Inc., 921 F.2d 745, 749 (8th Cir. 1990) (citations omitted). Thus, where a suit for breach of contract involves a request for damages and specific performance or other equitable relief, if the equitable and legal issues are intertwined they will be tried to a jury. Id.

In this case, Great Western asserts causes of action which are both legal and equitable in nature. It seeks money damages for the alleged breach of contract by Countrywide and BOA, and it requests an order requiring Countrywide and BOA to transition the loan pool to Great Western and provide Great Western with the "relevant documents and information necessary" to the transition. Countrywide and BOA do not dispute that Great Western's request for monetary damages based on the alleged breach is a claim that is legal in nature and for which Great Western is entitled to a trial by jury. The parties disagree on whether the cause of action seeking a declaratory judgment and

specific performance is sufficiently related to the claim for damages as to require a trial by jury as well.

In its request for a declaratory judgment, Great Western seeks relief in the form of a declaration that "the servicing of the Loan Pool by [Countrywide and BOA] has, in fact, been terminated and that Defendants are not entitled to any other servicing compensation . . . ." (Filing No. 35-1, ¶ 42, at CM/ECF p. 7). Great Western also requests that the court order Countrywide and Bank of America "to cooperate in transitioning the servicing of the loan pool to Great Western and providing to Great Western all relevant documents and information necessary to said transition." (Filing No. 35-1, ¶43, at CM/ECF p. 7).

Great Western's request is tantamount to asking the court for a finding that Countrywide and BOA breached the Purchase and Servicing Agreement and asking the court to enforce its terms. That is, Great Western is seeking specific performance of a portion of the contract – the section providing Great Western with the ability to take over loan servicing upon a finding Countrywide and BOA defaulted on the contract. Actions " 'for specific performance <u>without a claim for damages</u> is purely equitable and historically has . . . been tried to the court.' " Turner v. Burlington Northern R. Co., 771 F.2d 341, 343 (8th Cir. 1985)(emphasis added). Thus, had Great Western only sought specific performance of the Purchase and Servicing Agreement, it would not be entitled to a jury trial.

However, Great Western's claim for specific performance is related to, and presents common issues with, its claim for damages – a claim to which Countrywide and BOA do not dispute Great Western's right to a jury trial. Both claims rely, in part, on a finding that Countrywide and BOA have breached the terms of the Purchase and Servicing Agreement and thus relate to the parties' conduct in performing their respective obligations under the terms of the Purchase and Servicing Agreement. Where a claim that would traditionally be tried to a jury – such as an action asserting damages resulting from a breach of contract – is brought with an equitable cause of action, all matters will

8

be tried to a jury if they raise common issues. See Brownlee, 921 F.2d 745 at 749; see also Shum v. Intel Corp, 499 F.3d 1272, 1277-79 (Fed. Cir. 2007); Brown v Sandimo Materials, 250 F.3d 120, 127-28 (2d Cir. 2001).

IT IS ORDERED,

1) Plaintiff's motion to amend, (Filing No. 35) is granted and Countrywide and BOA's opposition to the motion, (Filing No. 37 is denied). Plaintiff shall file its proposed amended complaint on or before July 8, 2013.

2) Countrywide and BOA's motion to strike Plaintiff's request for a jury trial on Plaintiff's third cause of action, (Filing No. 31), is denied.

Dated this 28th day of June, 2013.

BY THE COURT:
*s/ Cheryl R. Zwart*
United States Magistrate Judge

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.